WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Herbal Care Systems, Inc., et al., | ) | No. cv-06-2698-PHX-ROS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| James Plaza, et al., | ) | |
| Defendants. | ) | |

Before the Court is Defendant's Motion for Reconsideration (Doc. 101). For the reasons stated herein, Defendant's Motion will be denied.

Herbal Care Systems, Inc. ("HCS") sold Paraben-Glycol Free ("PG Free"), a product used in personal hygiene products such as deodorants. Body Blue, Inc. was a Canadian company that originally developed the formula for PG Free at the request of HCS. The two companies had an arrangement by which HCS would forward purchase orders to Body Blue, which would then ship the orders to HCS's customers.[1] HCS would be paid directly by the customers, and then, in turn, pay Body Blue.

In July of 2004, Plaintiffs William Grundemann and the Oak Leaf Family Trust entered into a Stock Redemption Agreement with HCS and Body Blue. The agreement was

---

[1] Plaza states that this happened only sometimes; sometimes purchase orders were routed directly through Body Blue.

executed by Defendant James Plaza on behalf of HCS and by David Elliott as president of Body Blue. In that agreement, HCS and Body Blue agreed that, in exchange for purchasing the stock of the Plaintiffs in question, Body Blue would:

> continue to license its PG Free technology to [HCS] and to manufacture all products it currently manufactures and use best efforts to offer to manufacture all new products for [HCS] and its customers for a period of at least 64 months after the Closing Date and on substantially the same terms as Body Blue, Inc. currently provides to [HCS].

The parties also agreed that HCS and its principals would not participate in any business that competes with the business of HCS.

After execution of the Stock Redemption Agreement Plaintiffs allege that Plaza coordinated with Body Blue to transfer HCS's purchase orders to a new company owned by Plaza (though none of these negotiations came to fruition). In 2005, Plaza allegedly instructed HCS's customers to pay money directly to Body Blue instead of HCS; Plaza states those companies had come under new management and preferred to deal with Body Blue directly. Either way, HCS was owed royalties from Body Blue pursuant to a Royalty Agreement between the two companies. Body Blue continued to pay royalties in 2005 but ceased in 2006, strangling HCS's cash flow. Plaza received a salary from Body Blue throughout this period.

Shortly thereafter, Body Blue entered receivership in Canada. HCS was not termed a creditor able to recover any money from Body Blue. The Ontario Superior Court of Justice ordered that:

> Body Blue 2006 and any successors in title to PG Free are not bound by any contractual obligations or liabilities of any kind related to PG Free in existence at or prior to the date the Approval and Vesting Order was made, including any of the claims asserted in the action commenced by Herbal Care Systems, Inc. et al against Body Blue 2006 et al in the Superior Court of the State of Arizona in and for the county of Maricopa.

It also ordered that:

> Herbal Care is not entitled to rely upon any agreement or contract it had with Old Body Blue in existence at or prior to the date of the Approval and Vesting Order related to PG Free and, in particular, in accordance with the Approval and Vesting Order and as from its date, Herbal Care has and had no further right to manufacture, sell or claim commissions, royalties or payments of any

kind in relation to PG Free and has no interest of any type whatsoever in PG Free.

In its March 17, 2009 Order, this Court considered the applicability of the Ontario decision to the present case. It concluded:

> While this Court does indeed respect the comity due the Ontario Superior Court of Justice, that opinion focuses on the rights and liabilities of HCS and Body Blue relating to PG Free. It was not attempting to determine the rights and liabilities of Plaza vis-á-vis the shareholder plaintiffs here, nor did the Ontario court make factual findings concerning those issues.

Defendant now moves for reconsideration of that decision and asks the Court to enter summary judgment in his favor.

Defendant argues that because HCS lost all rights to manufacture, sell or claim commissions, royalties or payments of any kind in relation to PG Free, it cannot seek to hold Plaza liable for lost revenues from those products after the date Body Blue entered receivership on May 19, 2006. Plaintiffs respond that HCS did not lose it cash flow as a direct result of the court order in Ontario; rather, it lost the right to sue Body Blue for breach of the licensing agreement, something that would have been irrelevant if HCS had kept its own customers.

Plaintiffs are correct. They are alleging that Defendant wrongly took control over purchase orders that should have continued to flow through HCS. Had those purchase orders continued to flow through HCS, it would have been paid directly and would, in theory, not have lost money when Body Blue entered receivership. The fact that Herbal Care cannot recover against Body Blue does not mitigate its case against Defendant; if anything, it strengthens it.

Accordingly,

**IT IS ORDERED** Defendant Plaza's Motion (Doc. 101) is **DENIED**.

DATED this 23rd day of July, 2009.

_____
Roslyn O. Silver
United States District Judge